PJS:BB:nl

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CRIMINAL NO. 1:14-CR178 |
| ) | |
| v. ) | |
| ) | ( Jones , J.) |
| VANNY SON, ) | |
| SON THACH, and ) | |
| HUNG DANH, ) | |
| ) | |
| Defendants. ) | |

## INDICTMENT

### COUNT 1

Conspiracy to Defraud the United States
(18 U.S.C. § 371)

THE GRAND JURY CHARGES:

At times relevant to this Indictment:

### I. THE DEFENDANTS

1.   Vanny Son ("Son") was a resident of Harrisburg, Pennsylvania.  Son is married to "M.D." and Son's father-in-law is "T.D."

2.   Son Thach ("Thach") was a resident of Harrisburg, Pennsylvania.

3. Hung Danh ("Danh") was a resident of Harrisburg, Pennsylvania.

## II. BUSINESS ENTITIES

4. Between 2006 and continuing through 2012, Son and Thach owned and operated five employee leasing companies located in Harrisburg, Pennsylvania, named V&S Services ("V & S," 2006-2007), Industrial Labor Services ("ILS," 2007), Advance Labor Services ("ALS," 2008), HD Staffing ("HD," 2009-2010), and TD Staffing ("TD," 2011-2012). Son, Thach, and Danh owned and operated HD.

5. The employee leasing companies referred to in paragraph 4 provided labor to various businesses in and around the Harrisburg, Pennsylvania, area. Pursuant to the terms of the agreements between the employee leasing companies and the businesses, the employee leasing companies were paid a set hourly rate for each employee provided. These gross wages were paid by check in a lump sum to an employee leasing company official on a weekly basis. Pursuant to the terms of the agreements between the employee leasing companies and

the businesses which were provided labor, all employment taxes were the responsibility of the employee leasing company.

### III. FEDERAL EMPLOYMENT TAXES AND TAX RETURNS

6. The Internal Revenue Service ("IRS") is an agency of the United States Department of the Treasury and is responsible for enforcing the tax laws of the United States and collecting the taxes that are due and owing the United States. One type of taxes, commonly referred to as "employment taxes," includes federal income tax withholding taxes ("withholding taxes") and Federal Insurance Contribution Act ("FICA taxes"), as more particularly described below.

   (a) Withholding taxes: In general, an employer must deduct and withhold income tax on the amount of wages that are paid to its employees, and pay over those withheld income taxes to the IRS. Federal income tax withholding is generally based on the number of allowances claimed by the employee on his or her W-4 Form.

(b) FICA taxes: FICA taxes are comprised of two parts: old-age, survivor, and disability insurance, which is commonly referred to as "Social Security," and health insurance, which is commonly referred to as "Medicare." Social Security taxes are used to fund retirement and disability benefits, while Medicare taxes are used to provide health and medical benefits for the aged and disabled. The tax rate for FICA taxes during 2006 through 2010, (the FICA tax rate) was 15.3% of the employees' wages consisting of two equal parts. The employee is liable for half (7.65%) and the employer is liable for the other half (7.65%). The two parts combined are the total FICA tax liability. For 2011 and 2012, the FICA tax rate was 13.3%, consisting of two equal parts for employer and employee.

7. Employers are required to file with the IRS an Employer's Quarterly Federal Income Tax Return—Form 941 ("Form 941"), on a quarterly basis. The Form 941 is due at the end of the month following each end of the calendar quarter (April 30, July 31, October 31, and

January 31). The Form 941 is required to report the total amount of the employees' wages and any other compensation subject to withholding, the total amount of income tax withheld, the total amount of FICA taxes due, and the total tax deposits. Employers are also required to pay over to the IRS these withheld employment taxes at the time of filing the Form 941, along with the employers' share of the FICA taxes. The corporate official responsible for collecting, accounting for, and paying over the employment taxes is known as the "responsible person." There may be more than one "responsible person" for a corporate entity. In this case, Son and Thach were responsible persons for V & S, ILS, ALS, HD, and TD. Danh was a responsible person for HD.

8. Corporations are required to file with the IRS a U.S. Corporation Income Tax Return—Form 1120 ("Form 1120") on an annual basis. Form 1120 is required to report the income, gains, losses, deductions, credits, and to figure the income tax liability of a corporation. Generally, a corporation must file its income tax return by the 15th day of the third month after the end of its tax year. Income includes all income from whatever source derived, including gross receipts from

all business operations. All salaries and wages paid by the corporation to its employees are also required to be reported on Form 1120. Form 1120 must be signed by a corporate officer authorized to sign the tax return.

## IV. THE CONSPIRACY TO DEFRAUD

9. From on or about January 1, 2006 (as to Son and Thach) and from on or about January 1, 2009 (as to Danh), until on or about January 31, 2013 (as to Son and Thach), and until on or about January 27, 2011 (as to Danh), the exact dates being unknown to the Grand Jury, in the Middle District of Pennsylvania and elsewhere, the defendants,

**VANNY SON,**

**SON THACH,**

and

**HUNG DANH,**

and other persons known and unknown to the Grand Jury, did knowingly and willfully combine, conspire, confederate, and agree together to defraud the United States by impeding, impairing,

obstructing, and defeating the lawful government functions of the IRS in the ascertainment, computation, assessment, and collection of revenue, namely, employment taxes.

## V.   THE OBJECT OF THE CONSPIRACY

10.   The object of the conspiracy was to evade employment taxes that were due and owing the United States and thereby unjustly enrich the defendants by increasing the profits of the employee leasing companies.

## VI.   THE MANNER AND MEANS OF THE CONSPIRACY

11.   The manner and means by which the conspiracy was sought to be accomplished included, among other things, the following:

   (a)   The defendants negotiated labor leasing agreements with various businesses whereby the employee leasing company was paid a set hourly rate for each employee provided. These gross receipts were paid in a lump sum check payable

    to the employee leasing company and given to one of the defendants, or someone acting under their direction, on a weekly basis. No employment taxes were withheld from these gross receipt checks. Between 2006 and 2012, these gross receipt checks totaled approximately $12 million.

(b)  The defendants, or someone acting under their direction, cashed almost all of these gross receipt checks at a Harrisburg, Pennsylvania, area check cashing business. The gross receipt checks were not deposited into the employee leasing companies' bank account.

(c)  After cashing the gross receipt checks, the defendants, or someone acting under their direction, paid the employees' wages in cash and failed to withhold any employment taxes from those cash wages.

(d)  After paying their employees, the defendants shared the balance of the remaining funds and/or deposited a portion of the remaining balance into the employee leasing company's bank account.

(e)   The defendants retained an accountant ("L.H.") to prepare and file Forms 941 and 1120 for their employee leasing companies. The defendants, however, never disclosed to L.H. that the majority of the employee leasing companies' payroll was paid in cash. The only payroll expenses reflected on the Forms 941 and 1120 were payroll checks that L.H. prepared for some of the employee leasing companies' employees. As a result, the Forms 941 and 1120 prepared and filed by L.H. were false, and the United States was defrauded out of over $1 million in FICA taxes an unknown sum of withheld income taxes and corporate income taxes between 2006 and 2012.

(f)   In order to conceal the conspiracy, and their participation in it, the defendants frequently changed the name of the employee leasing companies they operated and placed the ownership of the business in the names of nominees. For example, ILS was put in the name of L.V.L., a New Jersey resident; ALS was put in the name of Son's wife, M.D.; and

TD was put in the name of Son's father-in-law, T.D., a Massachusetts resident.

## VII. <u>OVERT ACTS</u>

12. In furtherance of the conspiracy, and to effect the objects thereof, the following overt acts were committed in the Middle District of Pennsylvania and elsewhere:

    (a) Between 2006 and 2012, the defendants, or someone acting under their direction, repeatedly cashed approximately $12 million in gross receipts checks at a Harrisburg, Pennsylvania, area check cashing business.

    (b) Between 2006 and 2012, the defendants, or someone acting under their direction, paid the employee leasing companies' employees in cash on a weekly basis and failed to withhold any employment taxes from those cash wages.

    (c) Between 2006 and 2012, the defendants repeatedly met with L.H. to prepare and file Forms 941 and 1120 for their

employee leasing companies, but failed to disclose that the large majority of the payroll was paid on a cash basis.

(d)  Between 2006 and January 31, 2013, the defendants repeatedly filed, or caused to be filed, false Forms 941 and 1120 for their employee leasing companies which failed to report the cash wages paid to their employees and substantially underreported the gross receipts of the business, as well as the employment taxes and income taxes due and owing the United States.

In violation of Title 18, United States Code, Section 371.

## COUNTS 2 THROUGH 19

### Attempted Tax Evasion
### (26 U.S.C. § 7201 and 18 U.S.C. § 2)

**THE GRAND JURY FURTHER CHARGES:**

13.  The allegations contained in paragraphs 1 through 12 of Count 1 of this Indictment are hereby repeated, realleged, and incorporated by reference as if fully set forth herein.

14.  From on or about 2006 through on or about 2012, as more fully set forth below, in the Middle District of Pennsylvania and elsewhere, the defendants,

### VANNY SON

### and

### SON THACH,

as to Counts 2 through 19 and

### HUNG DANH

as to Counts 4 through 11, willfully attempted to evade and defeat a substantial part of the employment taxes due and owing by the below listed employee leasing companies to the United States for various quarters of each stated calendar year by various means, including,

among other things, signing, filing, and causing to be signed and filed, false Forms 941 and Forms 1120 for the employee leasing companies which failed to report the cash wages paid to its employees, cashing gross receipt checks without depositing the checks into the business bank account, keeping inaccurate books and records of cash payroll expenses, paying employees in cash, and using nominees and name changes to conceal the defendants' operation and control over the employee leasing companies, all for the purpose of concealing unreported cash wages upon which substantial employment taxes were due and owing the United States.

| Count | Year/ Quarter | Employee Leasing Co. | Reported Wages | Approximate Unreported Wages | Approximate Employment Taxes due and Owing, FICA Only |
|---|---|---|---|---|---|
| 2 | 2008/Q3 | ALS | $19,000 | $333,200 | $50,979 |
| 3 | 2008/Q4 | ALS | $22,800 | $230,009 | $35,191 |
| 4 | 2009/Q1 | HAD | — | $217,248 | $33,239 |
| 5 | 2009/Q2 | HAD | $21,000 | $310,343 | $47,482 |
| 6 | 2009/Q3 | HAD | $34,193 | $419,776 | $64,225 |
| 7 | 2009/Q4 | HAD | $20,623 | $311,183 | $47,536 |

| Count | Year/Quarter | Employee Leasing Co. | Reported Wages | Approximate Unreported Wages | Approximate Employment Taxes due and Owing, FICA Only |
|---|---|---|---|---|---|
| 8 | 2010/Q1 | HD | — | $176,484 | $27,002 |
| 9 | 2010/Q2 | HD | $15,000 | $204,891 | $31,348 |
| 10 | 2010/Q3 | HD | $15,816 | $298,035 | $45,599 |
| 11 | 2010/Q4 | HD | $16,032 | $267,118 | $40,869 |
| 12 | 2011/Q1 | TD | — | $165,670 | $20,712 |
| 13 | 2011/Q2 | TD | $11,920 | $228,121 | $30,028 |
| 14 | 2011/Q3 | TD | $22,249 | $263,329 | $34,143 |
| 15 | 2011/Q4 | TD | $17,100 | $298,152 | $37,109 |
| 16 | 2012/Q1 | TD | $17,100 | $107,619 | $12,873 |
| 17 | 2012/Q2 | TD | $21,293 | $227,841 | $28,476 |
| 18 | 2012/Q3 | TD | $31,075 | $344,183 | $42,582 |
| 19 | 2012/Q4 | TD | $25,048 | $420,932 | $53,504 |

Each count in violation of Title 26, United States Code, Section 7201 and Title 18, United States Code, Section 2.

## COUNTS 20 THROUGH 35

### False Tax Returns (Forms 941)
### (26 U.S.C. § 7206(2) and 18 U.S.C. § 2)

**THE GRAND JURY FURTHER CHARGES:**

15. The allegations contained in paragraphs 1 through 12 of Count 1 of this Indictment are hereby repeated, realleged, and incorporated by reference as if fully set forth herein.

16. On or about the dates set forth below, in the Middle District of Pennsylvania and elsewhere, the defendants,

**VANNY SON**

and

**SON THACH,**

as to Counts 20 through 35 and

**HUNG DANH**

as to Counts 22 through 28, did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service, of an Employer's Quarterly Federal Income Tax Return—Form 941, for the employee leasing company listed below, which was false and fraudulent as to a material matter. As the

defendants then and there knew, the Form 941 substantially underreported the wages paid to the employee leasing companies' employees, as set forth below.

| Count | Year/Quarter | Date Filed | Employee Leasing Company | Reported Wages | Approximate Unreported Wages |
|---|---|---|---|---|---|
| 20 | 2008/Q3 | 10/13/08 | ALS | $19,000 | $333,200 |
| 21 | 2008/Q4 | 01/26/09 | ALS | $22,800 | $230,009 |
| 22 | 2009/Q2 | 07/23/09 | HD | $21,000 | $310,343 |
| 23 | 2009/Q3 | 10/26/09 | HD | $34,193 | $419,776 |
| 24 | 2009/Q4 | 01/21/10 | HD | $20,623 | $311,183 |
| 25 | 2010/Q1 | 04/25/10 | HD | 0 | $176,484 |
| 26 | 2010/Q2 | 07/23/10 | HD | $15,000 | $204,891 |
| 27 | 2010/Q3 | 10/28/10 | HD | $15,816 | $298,035 |
| 28 | 2010/Q4 | 01/27/11 | HD | $16,932 | $267,118 |
| 29 | 2011/Q2 | 07/22/11 | TD | $11,920 | $228,121 |
| 30 | 2011/Q3 | 11/04/11 | TD | $22,249 | $263,329 |
| 31 | 2011/Q4 | 01/31/12 | TD | $17,100 | $298,152 |
| 32 | 2012/Q1 | 05/04/12 | TD | $17,100 | $107,619 |
| 33 | 2012/Q2 | 08/03/12 | TD | $21,293 | $227,841 |
| 34 | 2012/Q3 | 11/03/12 | TD | $31,075 | $344,183 |
| 35 | 2012/Q4 | 01/31/13 | TD | $25,048 | $420,932 |

Each count in violation of Title 26, United States Code, Section 7206(2) and Title 18, United States Code, Section 2.

## COUNTS 36 THROUGH 37

### False Tax Returns (Forms 1120) (26 U.S.C. § 7206(2))

**THE GRAND JURY FURTHER CHARGES:**

17. The allegations contained in paragraphs 1 through 12 of Count 1 of this Indictment are hereby repeated, realleged, and incorporated by reference as if fully set forth herein.

18. On or about the dates set forth below, in the Middle District of Pennsylvania and elsewhere, the defendants,

**VANNY SON**

and

**SON THACH,**

as to Counts 36 and 37 and

**HUNG DANH**

as to Count 37, did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service of a U.S. Corporation Income Tax Return—Form 1120 for the employee leasing company listed below, which was false and fraudulent as to a material matter. As the defendants then and there knew, the Form

1120 substantially underreported the gross receipts of the employee leasing companies, as set forth below.

| Count | Employment Leasing Company | Year | Date Filed | Reported Gross Receipts | Approximate Unreported Gross Receipts |
|---|---|---|---|---|---|
| 36 | ALS | 2008 | 03/09/09 | $65,244 | $1,891,326 |
| 37 | HD | 2009 | 04/08/10 | $186,670 | $1,943,949 |

Each count in violation of Title 26, United States Code, Section 7206(2) and Title 18, United States Code, Section 2.

A TRUE BILL:

███████████
FOREPERSON, GRAND JURY

*Peter Smith* (signature)  
PETER J. SMITH  
U.S. ATTORNEY

7/16/14  
DATE